UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
Case No.:

MANUEL D. ABREU,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## COMPLAINT FOR DAMAGES

1. Plaintiff, MANUEL D. ABREU, by and through his undersigned counsel, sues the Defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant, UNITED STATES OF AMERICA's negligence and other wrongful acts, that resulted in Plaintiff's injury and damages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b), in that this is a claim against the Defendant, UNITED STATES OF AMERICA (hereinafter, "UNITED STATES" ), for money damages, accruing on or after June 6, 2019, for personal injuries caused to Plaintiff, MANUEL D. ABREU, as a direct and proximate result of the negligent and wrongful acts and/or omissions of SAMANTHA PADGET, an employee, officer, agent, representative and/or apparent agent of the UNITED STATES, while acting within the course and scope of her office or

employment / agency, under the circumstances where the Defendant, UNITED STATES, if a private person, would be liable to the Plaintiff.

3. Jurisdiction founded upon federal law is proper, in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq*.

4. Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq*., on June 19, 2019, Plaintiff, MANUEL D. ABREU, presented his FTCA administrative claim to the appropriate federal agency, the Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter "ATF"). The ATF, by way of letter December 30, 2019 denied Plaintiff, MANUEL D. ABREU'S administrative claim.

5. This action is timely pursuant to 28 U.S.C. § 2401(b), in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying Plaintiff's claim.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. On June 6, 2019 and at all times material hereto, Plaintiff, MANUEL D. ABREU, (herein, "ABREU" or "Plaintiff"), was a resident of Broward County, Florida.

8. At all times material hereto, SAMATHAN PADGET, was acting in her official capacity on behalf of ATF, in service of the UNITED STATES Government.

10. Defendant, UNITED STATES, is subject to suit for the personal injuries caused to Plaintiff, MANUEL D. ABREU, as a result of the negligent and wrongful acts and/or omissions

of its employee, SAMANTHA PADGET, while acting within the course and scope of her office or employment with the UNITED STATES, under the circumstances where the Defendant, UNITED STATES, if a private person, would be liable to the Plaintiff, MANUEL D. ABREU, pursuant to the FTCA.

11. At all times material to this action, Defendant, UNITED STATES, was responsible for the hiring, retention, supervision, training and coordination of its employees, officers and/or agents, including but not limited to, SAMANTHA PADGET, who are acting on behalf of ATF in an official capacity.

12. At all times material hereto, Defendant, UNITED STATES, is vicariously liable for the negligence of its employee, agent, apparent agent, servant, and/or representative, SAMANTHA PADGET, pursuant to Florida's dangerous instrumentality doctrine.

13. At all times material hereto, Defendant, UNITED STATES, is vicariously liable for the negligence of its employee, agent, apparent agent, servant, and/or representative, SAMANTHA PADGET, pursuant to Florida's *respondeat superior* doctrine.

## FACTUAL ALLEGATIONS

14. On June 06, 2019, at approximately 9:27 P.M., employee, officer, agent, apparent agent, servant and/or representative of the Defendant, UNITED STATES, SAMATHAN PADGET, while acting within the course and scope of her office, agency, employment with the Defendant, UNITED STATES, operated a motor vehicle traveling westbound on West Hallandale Beach Boulevard at/near the intersection of Ansin Boulevard, in Broward County, Florida.

15. At the above time and place, SAMANTHA PADGET, negligently operated and/or maintained the motor vehicle she was driving, so that it collided with the motor vehicle in which Plaintiff, MANUEL D. ABREU was operating, and caused Plaintiff, to sustain serious injuries.

16. At that time and place the Defendant, SAMANTHA PADGET, was negligent by

failing to use reasonable care and breaching duties owed to the Plaintiff, including but not limited to:

 a. Negligently and carelessly operating the vehicle she was driving, in violation of Fla. Stat. §316.185 [FAILURE TO USE DUE CARE], so as to cause said vehicle to crash into the vehicle in which Plaintiff was operating;

 b. Careless driving;

 c. Operating the vehicle in a manner which a reasonably prudent person would not have operated their vehicle under the same or similar circumstances;

 d. Failing to keep a proper look out as she was operating her vehicle;

 e. Failing to take proper evasive action by steering and applying the brakes of said vehicle to avoid crashing into the vehicle in which Plaintiff was driving and injuring him;

 f. Failing to maintain control of the vehicle which the Defendant, SAMATHAN PADGET, directed into the Plaintiff; and

 g. Any other negligence to be determined following further discovery.

17. That as a direct and proximate result of the foregoing, Plaintiff, MANUEL D. ABREU, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition.  The losses are either permanent or continuing in nature and MANUEL D. ABREU will suffer the losses in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MANUEL D. ABREU, demands judgment for damages against Defendant, UNITED STATES OF AMERICA, as follows:

 a. The sum of $300,112.37 or more;

 b. Costs of suit;

    c. Post-judgment interest; and

    d. Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, MANUEL D. ABREU, additionally demands a trial by jury for all issues and upon all matters so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that on May 12, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    GREENSPOON MARDER LLP
    Attorneys for the Plaintiff
    200 East Broward Blvd., Suite 1800
    Fort Lauderdale, FL 33301
    Phone: (954) 491-1120
    Fax: (954) 343-6254
    Email: Brad.Ross@gmlaw.com

    By: /s/ Bradley A. Ross
        MARC E. SCHWARTZ, ESQ.
        Florida Bar No. 005071
        BRADLEY A. ROSS, ESQ.
        Florida Bar No. 0640069